In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated July 17, 2007, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and *627 the defendant’s motion for summary judgment dismissing the complaint is denied.
The plaintiff John Miller (hereinafter Miller) allegedly sustained injuries when he had one foot on a retaining wall made of railroad ties and the other on the ground, and a piece of the railroad tie broke off, causing him to fall. The retaining wall was on property owned by the defendant, and it bordered the dividing line between the plaintiffs’ property and the defendant’s property. Photographs of the retaining wall showed that it was in a deteriorated condition. The defendant leased the property to tenants, pursuant to oral agreements. At his deposition, the defendant testified that the tenants were only responsible for mowing the lawn, and that if other maintenance work was needed he hired outside contractors to perform it.
The defendant moved for summary judgment dismissing the complaint on the ground that, inter alia, he was an out-of-possession landlord who did not retain sufficient control over the property such that he could be held liable for Miller’s injuries. “An out-of-possession landlord is generally not responsible for injuries that occur on its premises unless it has retained control over the premises or is contractually obligated to maintain or repair the alleged hazard” (Deerr'Matos v Ulysses Upp, LLC, 52 AD3d 645 [2008]). Here, the defendant failed to make a prima facie showing that he did not retain sufficient control of the premises to impose liability upon him for Miller’s injuries. Moreover, the defendant failed to establish, prima facie, that he lacked constructive notice of a dangerous condition, which, in the exercise of reasonable care, he should have discovered and remedied (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]). Accordingly, the defendant’s motion for summary judgment should have been denied “regardless of the sufficiency of the opposing papers” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Lifson, J.P., Santucci, Balkin and Belen, JJ, concur.